IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEE ANN RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-01161-CV-W-SWH |
| | ) | |
| ERIC SHINSEKI, | ) | |
| Secretary of the Department | ) | |
| of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment (doc #26). Specifically, defendant requests the dismissal of Count I (Violation of Americans With Disabilities Act) and Count IV (tort for Wrongful Termination in violation of public policy) and the entry of summary judgment on Count II (Violation of the Rehabilitation Act) and Count III (Retaliation Under the Rehabilitation Act)[1]. (Defendant's Motion to Dismiss and/or for Summary Judgment (doc #26) at i) Plaintiff concedes:

> The VA is correct in its analysis concerning the applicability of the Americans with Disabilities Act to subdivisions of the federal government. … Riley's inclusion of a claim under the ADA was an oversight, and the VA's motion to dismiss Riley's claim under the ADA should be granted.

(Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #33) at 13) Further, plaintiff apparently concedes defendant's argument with respect to the dismissal of Count IV in that plaintiff's suggestions in opposition fail to provide any response to

---
[1] While Count III also seeks Retaliation Under the Americans With Disabilities Act, the Court assumes that defendant intended to seek dismissal of this portion of Count III for the same reasons set forth with respect to Count I, that is the federal government is not susceptible to suit under the Americans With Disabilities Act.

defendant's argument with respect to Count IV. Thus, Count I, that portion of Count III which claims retaliation under the Americans With Disabilities Act and Count IV are dismissed.

The Court need only address the following remaining issues: summary judgment on the claim of violation of the Rehabilitation Act (Count II) and summary judgment on the claim of retaliation under the Rehabilitation Act (Count III).

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

With these standards in mind, the Court will address defendant's argument for summary judgment on Counts II and III. The Court notes that it has reviewed defendant's Statement of Uncontroverted Material Facts, Plaintiff's Statement of Additional Material Facts, each party's responses to the opposing party's facts and all of the supporting documents presented by the parties in this case. The Court will cite to only those facts and evidence it finds pertinent to the issues before the Court, rather than presenting the Court's own statement of uncontroverted facts.

    A.    <u>Count II (Violation of the Rehabilitation Act)</u>

The Rehabilitation Act encompasses two categories of claims for employment

discrimination – disparate treatment and failure to accommodate. See Lybarger v. Potter, 2009 WL 2407735, *6 (W.D. Mo. Aug. 4, 2009)(citing Peebles v. Potter, 354 F.3d 761, 765-66 (8th Cir. 2004)). "To establish a claim for disability discrimination (under either a failure-to-accommodate or disparate-treatment theory), [a plaintiff] must show, among other elements, that she is qualified to perform the essential functions of her position, with or without reasonable accommodation." Fall v. Donley, 2010 WL 2773340, *8 (W.D. Mo. July 13, 2010)(citing Didier v. Schwan Food Co., 465 F.3d 838, 841 (8th Cir. 2006)).

The parties are in agreement that the essential job duties of an LPN at the VA include the following: taking reports, administering medication to patients, and physically assisting patients in ambulation and with other personal needs (e.g., feeding, bathing). See Defendant's Uncontroverted Fact No. 4. It is undisputed that between the date of her injury and June 4, 2009, plaintiff does not know whether she could do the work of an LPN due to her limitations. See Defendant's Uncontroverted Fact No. 17. Between June 5 and November 15, 2009, plaintiff's personal physician found that plaintiff was totally disabled and did not release plaintiff to return to work. See Defendant's Uncontroverted Fact No. 22. Plaintiff testified at her deposition that during that period of time (June 5 to November 15, 2009), she believed that she was totally disabled "from any job at all." See Defendant's Uncontroverted Fact No. 23.[2] At her deposition on March 26, 2013, plaintiff testified as follows:

Q. Are you still totally disabled today?

A. Yes.

---

[2]Plaintiff attempts to controvert this fact by stating: "Riley may not have been impaired during this entire period of time. However, the VA refused to approve diagnostic testing or treatment of Riley's injury, which may have resulted in a prolonging of her disability." The Court finds plaintiff's speculation insufficient to controvert the fact.

> Q. So at no point then from June 4th, 2009, when Dr. Voshall first said you were incapacitated through today's date have you been able to work?
>
> A. No.
>
> Q. Could you work today as an LPN with accommodation?
>
> A. No.
>
> Q. Could you work at a job other than an LPN with an accommodation?
>
> A. No.

(Deposition of Dee Ann Riley (doc #26-1) at 99)

Undisputed evidence has been presented that plaintiff is not qualified to perform the essential functions of her position, with or without reasonable accommodation. By plaintiff's own admission, she is still unable to perform as an LPN, even with accommodation, more than three years after her job ended. "Disability claims cannot survive summary judgment where employees cannot show that they can perform the essential functions of their jobs." Fall v. Donley, 2010 WL 2773340, *9 (W.D. Mo. July 13, 2010)(citing Alexander v. Northland Inn, 321 F.3d 723, 727 (8th Cir. 2003)). The Court grants summary judgment on Count II.

    B.    <u>Count III (Retaliation Under the Rehabilitation Act)</u>

In order to establish a claim for retaliation under the Rehabilitation Act, a plaintiff must show, among other elements, that she suffered an adverse employment action. See Stipe v. Shinseki, 690 F.Supp.2d 850, 881 (E.D. Mo. 2010)(citing Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005)). Plaintiff claims she suffered an adverse employment action when she "was terminated by the VA on November 13, 2009 in direct response to Riley requesting accommodation of her disabilities and filing a complaint of discrimination." Complaint for Damages (doc #1) at 7.

Defendant argues that plaintiff did not suffer an adverse employment action because she was hired as a temporary employee whose excepted appointment was not to exceed November 13, 2009, and her temporary appointment merely ended as originally intended on November 13, 2009. (Defendant's Motion to Dismiss and/or for Summary Judgment (doc #26) at 32) Defendant provided the following Uncontroverted Facts:

> 2. Under the authority granted to the VA pursuant to 38 U.S.C. § 7405, Riley was hired as a full-time, temporary LPN into the post-operative unit at the Kansas City VA Medical Center ("3 West"). Riley Depo. p. 20 (lines 13-25), p.21 (lines 1-11); Notice of Personnel Action [attached as Exhibit B].
>
> 3. Riley's appointment was an "excepted appointment not-to-exceed November 13, 2009." Notice of Personnel Action; Haas Depo. p. 44 (lines 17-25), p. 45 (lines 1-14) [attached as Exhibit C]; Shea letter of October 9, 2008 [attached as Exhibit D].

(Id. at x) Plaintiff disputes these two facts stating:

> Riley was hired as a full-time, temporary employee, but the basis for her being designated as "temporary" was because she had not been granted a license as a LPN at the time of her hire by the VA.

(Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #33) at 4) In support of her position, plaintiff cites the Notification of Personnel Action.

The Court has reviewed the exhibits cited by the parties and finds that they support defendant's Uncontroverted Fact Nos. 2 and 3. The Notification of Personnel Action clearly states that plaintiff was hired under the legal authority of 38 U.S.C. § 7405(a)(1) which provides for the employment on a temporary full-time basis of licensed practical nurses. The Court finds that no reasonable trier of fact could find that the basis for plaintiff being designated as "temporary" was because she had not been granted a license as an LPN at the time of her hire by the VA. Rather, the Court finds that the "pending boarding" notation on the Notification of

5

Personnel Action instead conditions the hire itself on plaintiff being granted a license as an LPN. Without a license, plaintiff would not be a "licensed" practical nurse. The statute under which plaintiff was hired assumes that she has a license.

In response to defendant's motion, plaintiff argues that she has a viable claim for retaliation under the Rehabilitation Act because the supposed end of her term of employment was a clerical oversight which should have been corrected when she obtained her LPN license. (Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #33) at 13)  Plaintiff offers no evidence to support this argument other than the Notification of Personnel Action. As set forth above, the Court finds that no reasonable trier of fact could find that the basis for plaintiff being designated as "temporary" was because she had not been granted a license as an LPN at the time of her hire by the VA. The Court finds that the expiration of a temporary position as contemplated in plaintiff's hiring documents cannot be construed as an adverse employment action. The Court grants summary judgment on Count III.

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss and/or for Summary Judgment (doc #26) is granted.

                                                                     */s/ Sarah W. Hays*
                                                                          SARAH W. HAYS
                                              UNITED STATES MAGISTRATE JUDGE